# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS LAIRD, | ) | CASE NO. 1:17 CV 0059 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SHERIFF CLIFFORD PINKNEY, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Demetrius Laird filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 against Cuyahoga County Sheriff Clifford Pinkney. At the time the Petition was filed, Petitioner had been convicted on one count of possession of drugs with firearm and forfeiture specifications, and one count of having a weapon under disability with forfeiture specifications. The jury acquitted him on one count of drug trafficking and declared a mistrial on remaining counts. He was awaiting retrial on those charges. In this Petition, he asserts he is entitled to dismissal of all charges based on speedy trial violations and the state's failure to grant his Motion to Suppress. After filing this Petition, he pled guilty to the remaining charges. His appeal of his conviction is still pending.

**Factual and Procedural Background**

Petitioner was arrested on April 29, 2016 after a search of his child's mother's home and one of his rental properties yielded drugs, drug paraphernalia, weapons, and currency. The Cuyahoga

County Grand Jury returned a ten-count indictment with numerous specifications against Petitioner on May 13, 2016. He was arraigned on May 18, 2016. He executed a waiver of speedy trial rights on July 25, 2016. The court continued his trial from August 10, 2016 to November 11, 2016. The case was submitted to the jury on November 18, 2016. Ten days later, the jury returned a verdict of not guilty on count six of the indictment (trafficking), and guilty on Count 7 (drug possession), and Count 9 (having a weapon under disability). The court declared a mistrial on the other counts.

While awaiting trial on the remaining counts, Petitioner filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. He claims his right to speedy trial was violated. He indicates that Ohio's "triple count" provision was in effect, and when he executed the waiver of his speedy trial rights, only 9 days remained under Ohio Revised Code § 2945.71. He contends the statutory speedy trial limitation expired on August 3, 2016. In addition, he contends the trial court should have granted his Motion to Suppress. He states he did not reside at either address searched, there were no corroborating witnesses to the controlled buys from the residences, and the informant did not testify that he purchased drugs from Petitioner.

After filing this Habeas Petition, Petitioner pled guilty to the remaining counts as amended. The trial court sentenced him to an aggregate total of five years in prison followed by post release control. He filed an appeal of his conviction on March 22, 2017. That appeal is still pending.

## Standard of Review

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state pretrial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Hamilton Cnty. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). Nevertheless, the Supreme Court has cautioned that "federal habeas corpus does not lie, absent

'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489, 490 (1973) (quoting Note, Developments in the Law–Federal Habeas Corpus, 83 Harv. L. Rev. 1038, 1094 (1970)). The Court explained that:

> Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. [The exhaustion doctrine] preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings.

*Id.*

Likewise, the Sixth Circuit observed that exercise of the Court's power under § 2241 should be limited:

> [A]lthough § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (internal citations omitted).

Even when special circumstances dictate that the federal court should address the merits of the Petition, the Petitioner must still exhaust his state court remedies before filing for habeas relief. Unlike exhaustion under 28 U.S.C. § 2254, exhaustion under § 2241 is not a statutory requirement.

*Compare* 28 U.S.C. § 2254(b)(1)(A), *with* 28 U.S.C. § 2241. The Sixth Circuit recognized that, "in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'" *Phillips*, 668 F.3d at 810 n. 4 (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)). Even habeas petitioners proceeding under § 2241 "must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n. 2 (6th Cir. 2008)). The requirement of exhaustion "has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546 (citations omitted).

Courts in this Circuit have distilled these doctrines into a rule that principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention. *Hawkins v. Thomas*, No. 3:16 CV 901, 2017 WL 85376, at *1-4 (M.D. Tenn. Jan. 10, 2017); *Brown v. Bolton*, No. 3:09 CV 513, 2010 WL 1408014 (W.D. Ky. April 1, 2010); *Moore v. Federspiel*, No. 2:09 CV 1267, 2009 WL 2170168, at *1 (E.D. Mich. July 20, 2009).

There are only two generally recognized claims that have been determined to present a special circumstance justifying pre-conviction intervention by a federal court in a § 2241 habeas corpus proceeding: (1) double jeopardy-based allegations; and (2) denial of the right to a speedy trial. *See, e.g., Lowe v. Prindle*, No. 2:14-104-KKC, 2014 WL 3695386, at *3-4 (E.D. Ky. July 24, 2014). Federal courts distinguish between speedy trial claims based on the type of relief the Petitioner seeks.

-4-

*Atkins*, 644 F.2d at 546. If the requested relief would dismiss a state court case on speedy trial grounds, the federal court should abstain from reaching a decision in recognition of comity considerations. *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043-44 (S.D. Ohio 2011). Where the Petitioner seeks an order requiring the state to bring him to trial promptly, the Court may consider the claim in a § 2241 Petition.

**Analysis**

To the extent that Petitioner is challenging charges that were pending when he filed this §2241 Petition, this Court must abstain from considering his claims. When this Petition was filed, some of the criminal charges against Petitioner were still pending. He had already been convicted on two of the charges, and acquitted on one charge. If he is challenging the pending charges, abstention is required. Petitioner asserts two claims: (1) violation of his right to speedy trial; and (2) denial of his Motion to Suppress. His Motion to Suppress is not one of the exceptions to abstention. It can and must be presented to the state courts. His speedy trial claim could be an exception to abstention; however, Petitioner seeks immediate release and dismissal of the charges, not an order requiring the state to bring him to trial. That claim must also be presented to the state courts. Moreover, Petitioner's subsequent guilty plea to the pending charges makes any request for an Order from this Court requiring the state to bring him to trial moot.

To the extent Petitioner is challenging charges for which he was already convicted when he filed this Petition, he must exhaust state court remedies before bringing a federal habeas corpus action. With respect to those charges, he is in custody pursuant to a state court judgment. He may bring an action pursuant to § 2241, but he must still comply with the requirements of 28 U.S.C. § 2254, including exhaustion of state court remedies. *See Coleman v. Thompson*, 501 U.S. 722, 731

(1991)(requiring state prisoner bringing a federal habeas action to show that he exhausted available state remedies). As Petitioner did not exhaust his state court remedies for either claim he asserts in his Petition, these claims are not ripe for habeas corpus review.

## Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: May 3, 2017